HOLMES
*v.*
PETTIS.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

### NICHOLAS SHIERS *v.* THOMAS C. POOLE.

The testimony of one witness is not sufficient to destroy the answers of a defendant to interrogatories propounded to him by plaintiff; nor will the possession of promissory notes, which are barred by prescription, be considered as a sufficient corroboration of the testimony of a witness to a promise, on the part of defendant, to pay the notes, when the promise is denied by the defendant in his answer to the interrogatories.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Stockton* and *Steele*, for plaintiff. *W. C. Budd*, for defendant. The judgment of the court was pronounced by

PRESTON, J. The plaintiff brings suit upon a number of promissory notes which were extinguished by prescription. He alleges, however, that the defendant repeatedly promised to pay the notes, particularly on the 27th day of December, 1849, and the 6th of February, 1850. He propounded interrogatories to the defendant to prove the promises, and accompanied them by circumstances to elicit the facts, if they were true. The defendant denied the promises in the most categorical manner.

The plaintiff then obtained a commission to take the testimony of *James Lord*, of New York, to contradict the answers of the defendant to his interrogatories. The testimony of the witness was taken, but was rejected as evidence, on the ground that the official capacity of the person who executed the commission was not established.

It is unnecessary to examine the question whether or not the evidence was properly rejected; because, if admitted, it is not sufficient to destroy the answers of the defendant to the interrogatories propounded to him.

The Code of Practice declares that the answers of a party to interrogatories propounded to him, " may be destroyed by the oath of two witnesses, or of one single witness, corroborated by strong circumstantial evidence, or by written proof." Art. 354.

The testimony of *Lord* shows rather a negotiation with regard to the notes, than a final and well settled agreement to waive prescription, and promise to pay them. If it should be conceded that the witness proves a waiver of prescription and promise to pay the notes, he was not corroborated by " strong circumstantial evidence or by written proof."

It is said the possession of the notes by the plaintiff is strong circumstantial evidence of the alleged promise of the defendant to pay them. As they were extinguished by prescription, they raise a presumption against such a promise. Nor are they written proof of the promise. They show a promise to pay them in 1839, but not in 1849. The testimony of the witness is not corroborated as required by the code to destroy the answers of the defendant to the interrogatories propounded to him.

The judgment of the district court is therefore affirmed, with costs.